The next case on the calendar is United States v. Muzio. Good morning, Your Honor. Terrence Kinlan, Albany, New York. I'm here on behalf of the appellant, George Muzio. This appeal focuses on the question of sentencing. Mr. Muzio entered a plea of guilty to a nine-count indictment, the top counts of which dealt with the sexual exploitation of a child. Mr. Muzio was sentenced by Judge D'Agostino in the Northern District to a term of 420 months. Now, I respectfully submit that this sentence is problematic for a number of reasons. First, it is substantively unreasonable. And secondly, and this is not in my brief, this is something which has reared up in the last 24 hours. Yesterday, I got in from Phoenix late in the day, and when I was able to go online, I discovered a letter from my adversary, Mr. Silver, indicating that he had reviewed the sentencing documents and had come to realize that the guideline range that had been proposed at the time of sentencing was dramatically incorrect. Do you think Judge D'Agostino would have imposed a lesser sentence if she knew the guideline range was 200 years rather than 500 years? Well, that's an excellent question, Your Honor, and I don't know. All I can do is speculate. And I don't think that the Court is interested in hearing me speculate about these things. The fact is that on a 500-year guideline range, you know, if my client started to do his time in the 16th century, he'd be just about done now. Right. But he didn't get a guideline sentence. She imposed a non-guideline sentence. However, I believe, and I actually was going to come back to this in a minute, I respectfully submit that that enormous guideline range is a factor which the Court was required to take into account when balancing the equities in this case. And because the... ...guideline scoring, the Court would have imposed the same sentence? Yes. That's the judge's language at the time of sentencing. And I don't know if that is controlling here or if that was just precatory, just something to, just something to, you know, avoid any fine-tuning adjustments. But in any event, the substantive unreasonableness of this sentence is, I think we can begin the analysis by looking at the plea agreement which was prepared by the U.S. Attorney. And in that plea agreement, Mr. Muzio waived the right to appeal any sentence of less than In assessing the reasonableness of the sentence, we have to look at the offense and the offender. Now, I am not minimizing the gravity of this offense. It is a very serious offense. It's a nine-count indictment. The top counts deal with exploitation of a child, and then there are child pornography charges, several. He pleaded guilty to the entire indictment. So, please don't, don't think that I'm trying to minimize that. It's very, very serious. However, we're also required to look at the offender. George Muzio is a person in his mid to late 30s who has no prior criminal history. He was, once the law enforcement agencies came into contact with him, he was incredibly cooperative. He admitted his guilt. He cooperated in every conceivable way in the fullness of time. Given the opportunity to do so, he waived his right to trial. He pleaded guilty. And he accepted full responsibility for this. Now, George Muzio is a person, he's a very humble person. He's not, he has a limited intellect. He was the victim himself of childhood sexual abuse. He has a psychiatric history. He was released by Judge D'Agostino pending trial, and during that period of time, he did fine. He was under supervision. He behaved himself. He had no computer. He couldn't get online. He is married. He has two children. They live with, he and his wife, and their children were living with their parents. As you can see from the sentencing documents- Can I ask a question? Yes, sir. Are any of the things that you just mentioned items that the district court didn't consider at sentencing? I don't think that the district court gave that due consideration. What do you mean due? Well, the Judge D'Agostino, I think, brushed aside my client's conduct, for example, during the pretrial period when he was under supervision. And I don't think that the court gave sufficient attention to those elements of the case. You are aware of the difficulty of making out a substantive unreasonableness claim. The conduct here, as you started, is extremely egregious. There's no indication, or at least I was unable to find anything, that the district court failed to consider your client's history, his substance abuse problems, his mental health problems. So, it's hard for me to see, given the guidelines range was a life sentence. She departed from that. How we are in a position to conclude that this is a substantively unreasonable sentence. Well, I realize that sentencing is perhaps the most difficult job that a district court judge has. We've heard that frequently in the recent past. And my point is that while Judge D'Agostino did briefly discuss those things, I submit that she did not give sufficient attention to them in this matter. Isn't your best argument here for substantive unreasonableness that the district judge incorrectly perceived your client to be a threat for conduct when released, i.e., he's going to molest a child, and here he was never in the same room with a child, he never touched a child? Well, I think... I'm sorry. Go ahead. I think that the fact is that he actually did very well when he was under supervision. And therefore, I submit, that his dangerousness to the community post-sentencing can be very well controlled by lifetime supervision, and that's one of the things that was part of the sentence. I don't suggest that that should be changed. I think that Mr. Muzio would do well with lifetime supervision. He did very well with pretrial supervision. He worked, he behaved himself, he did all the things that he was supposed to do. There were no substance abuse issues, there were no law enforcement issues. He just simply was moving along and doing well. And I would submit that for the judge to impose a sentence so dramatically in excess of the agreed upon sentence, but the recommended sentence from the plea agreement is evidence of the fact that perhaps the judge didn't give full consideration to those things. The guidelines problem is very significant. The court is required, when utilizing 3553, to look at the guidelines, and clearly Judge D'Agostino discussed the 6,000-month guideline range on at least two occasions, and partially based her sentence on that guideline range. I would... Could I just interject there? You did receive the government's letter late yesterday, as did we, alerting us to a miscalculation at sentencing. Would you like an opportunity to respond to that letter? Well I... Yes. I'm in writing. Very definitely. I think that it's a very significant new fact in this case. So I just wanted to make clear, if you wanted to submit a letter to us by the end of business on Tuesday, just responding to the recent revelations of the government, then please do. Thank you, Judge. Time. Excuse me. You've reserved some rebuttal time. Yes. Yes, ma'am. May it please the Court, Paul Solder on behalf of the government. I would like to say initially that there was no agreed-upon sentence in the plea agreement. There was a plea. There was a waiver of a right to appeal at 365 months, but what I think is standard practice, if you will, the plea agreement says expressly that nothing in the appeal waiver is meant to or should be construed as a representation of or an agreement concerning the appropriate sentence in the case. So I don't think it's fair to assign weight in this argument to where the party set the plea waiver. No question that 35 years is a long sentence. And in thinking about it, I think it's helpful to look at the spectrum, if you will, of these types of cases where perhaps the least serious would include simple possession of child pornography, and at the highest end of the spectrum would be hands-on abuse of a child. For starters, I would say that production of child pornography falls somewhat right in the middle of that spectrum. And I would say in this case, we're in the upper half of the spectrum because it wasn't just production of child pornography that resulted. But this defendant took those images, and worse, took the social identities of his victims and provided them to at least one other predator, online predator, who then tried his efforts at getting at least one of these victims to produce additional child pornography. So I think that's a very significant fact here that distinguishes it from a production case without more. In arguing that the sentence imposed is substantively unreasonable, at least with respect to the brief, not so much here today, counsel argued that Dorothy and its progeny have come under a lot of scrutiny by the courts because of the tendency in possession and distribution cases to result in guideline sentences that approach a statutory maximum without differentiating between the less and the more culpable defendants. But I think it's fair to say that this Court has routinely or frequently treated production cases differently than cases that should be controlled by Dorothy and its progeny. Those concerns simply aren't present here. So Judge D'Agostino sentenced someone in a case called Sawyer. That sentence was reversed for substantive unreasonableness and remanded to her, a 30-year sentence remanded to her. She imposed a 25-year sentence, which on appeal this Court held was barbaric. Is a sentence in this case where there's no contact with any victim in a longer sentence than the 30-year she imposed there not barbaric? I think the fact that there's no contact obviously plays into the substantive reasonableness of the sentence. Do I think this is barbaric? No. And I would ask the question, what distinguishes it from Sawyer if it's not barbaric? This Court held it was barbaric, but not uncommon. Well, in this case, we have production of child pornography. We have two victims that formed counts of conviction. We have an investigation that discloses 14 victims that produced child pornography at the urging of this defendant. And when this defendant spoke to the probation office, he indicated that he had contacted some 100 minors online and had conversations with them, 75 percent of which he estimated to be of a sexual nature. And I think it's a fair inference that that was designed to achieve the result he got here. So I think there are some very aggravating circumstances here. All right. In New York State, if you have sex with someone under the age of 11, you've committed rape in the first degree. And the statutory maximum for that crime is 25 years. Do we – should we consider the fact that there is such a disparity between the sentence imposed in this case and a child rape sentence imposed in the State courts of New York? No. Why not? Categorically, no. Why not? Because we're in a Federal system, and the substantive reasonableness of a Federal sentence, I submit to Your Honor, with all due respect, shouldn't hinge on how a particular State happens to treat a related crime, for lack of a better word. So the State – so the coincidence that he's prosecuted in Federal court means that he can get a dramatically longer sentence for much less serious conduct? I think that's the right answer, Your Honor, yes. And that's because what we're seeking, I think, through the guidelines and principally through the guidelines, is uniformity throughout Federal sentences. I don't think there's an interest in determining an appropriate Federal sentence to consider what the State sentence might have been. And one example might be if Connecticut treats a rape conviction differently than New York, that shouldn't, in my opinion, Your Honor, influence whether a Federal judge applying Federal law imposed a substantively reasonable sentence, even within a particular circuit. I think that best exemplifies that. So, no, I don't think you should be looking to State law to determine the reasonableness of a Federal sentence. Can I ask about the letter that we received last night? I mean, there was a guidelines miscalculation here. It's pronounced several times that sentence saying, I get the argument that this was a lifetime range either way. But we take fairly seriously the anchor in the district court judge calculates the guidelines range and understands what it is at the beginning, and it seems like this began with a misapprehension. For a few reasons, I don't think you should be as concerned as you might be in another case, Your Honor. Can I also just say, looking at the preparing for argument a little bit earlier, getting earlier notice of these errors in the proceeding below would be very helpful for us, too, up here. I apologize for that, Your Honor. I mean, and I'll tell you, quite frankly, Your Honor, I don't want to say irrelevant. I think that overstates it. But the guidelines say, suggest to the district court, the sentence that you should impose here is life. And that 6,000 number or the 2,400 number is really only the means to accomplish what the guidelines have already suggested. And I think I'm guilty of this as well,  that 6,000 should be regarded as the guideline sentence. I think the guideline sentence is life. Looking at the counts of conviction, we should be doing some math. The math should result in 2,400 months, not 6,000. But all that number is, is a way to achieve the guideline sentence of life if the district court is inclined to impose a life term of imprisonment. So I don't think that there's any realistic notion that the judge said, all right, I'm starting at 500 years. Should I come down to 300 or 200? I just don't think that that's the way the guidelines are set up. More importantly, here, as Judge Underhill said earlier, Judge D'Agostino didn't depart — well, you didn't say this. I'm going to add this. Judge D'Agostino didn't depart from 6,000 months. She imposed a non-guideline sentence. And as you indicated, Judge Livingston, she added that regardless of what errors might be, and there were none brought to her attention, whatever they might be, this is the sentence I would impose regardless of the guidelines. So for all those reasons, the concerns that you raised, which obviously are legitimate, are not quite as determinative here, I would submit to Your Honor. In the end, I think Judge D'Agostino did a very thorough job of considering the 3553A factors, the arguments of both parties, and the — I'm sorry. I'm just curious. In the case of the defendant, the defendant was never in the same room with any child. In what sense is he a predator in the ordinary definition of that word? Well, if by ordinary, Your Honor, you mean someone who puts his hands on a child, it didn't happen here. Now, there were some conversations where the defendant discussed, well, when we meet — you know, I'm not here to suggest that he had the intention of meeting a defendant — excuse me, a victim in this case. But clearly, he was a predator. I mean, when these young girls, 11 and 13 years of age with accounts of conviction, realized that they — gained some maturity and realized that they have sent pornographic images of themselves to someone who then went and shared them. I get — I get it's a serious crime. There's no question about that. What I'm trying to figure out is, if you have a lifetime of supervisory release where his computer use is restricted, his phone use is restricted, why is — why is it not a sufficient sentence to go much lower than this Court went? Well — In other words, the point is to protect the public. She emphasized that a number of times, protect the public. And yet, we're not protecting the public from a person who is physically attacking people or children. We're protecting the public. And we can do that without, whatever it is, how many years in jail, can't we? Well, maybe so. I mean, if Judge D'Agostino or some other judge imposed a 20-year sentence, I wouldn't be arguing that — It wouldn't be too low, right? Right. And so the question is, is it not greater than necessary? That's the standard that we're looking at, not greater than necessary. And I'm not hearing an argument why this particular sentence is not greater than necessary. Well, one, by virtue of the breadth of his conduct, the number of victims involved is one thing. One of the things that Judge D'Agostino pointed out with respect to the character letters, for lack of a better word, that she received on behalf of Mr. Muzio was, you know, all you people say he's such a wonderful guy, but none of you knew he was doing this. He carried on a normal life, you know. So is super — would supervision be sufficient? You know, maybe it wouldn't, maybe it wouldn't. But I don't think a judge — I'm sorry. I don't mean to cut in. No. I'm just — I'm not suggesting it's probation. I'm suggesting a lengthy term of incarceration. He's got a mandatory minimum of 15, 15 years. Right. Which would cover the harm done to one of the charged victims. So is everything else a freebie in the — or free in the language of this Court in Broxmire? I don't think it should be. And, you know, I mean, as you know better than I, a judge looks at all these factors and comes up with what she believed and stated expressly, this was not greater than necessary. And I don't think it's for this Court, with all due respect. Simply to substitute judgment for the district judge, I think it's you have to find that the sentence shocks the conscience or damages the administration of justice. And I don't think the sentence here approaches that, particularly in light of the fact that it's a below-guideline sentence. I'm over my time. Thank you very much, Your Honors. I saved a minute, and I'll try to use not all of it. Barbaric sentence. That is from a sentence by Judge D'Agostino in the Sawyer case. Dorvy, child sex guidelines are irrational. Jenkins, the length of the sentence may without more be simply excessive. What we're hearing here is that in a child sex case, the guidelines are meaningless. A 6,000-month guideline is preposterous. A 2,400-month guideline is preposterous. It gives a judge no guidance whatsoever. And the reason that the guidelines are so preposterous, we read, is because Congress is forever saying to the Sentencing Commission, add more, make it more harsh. And we've ended up in a ridiculous situation. I'm not suggesting, please don't think that I'm suggesting that this client should be given probation, but to give him a sentence this long, you just know in your bones it's not right. What would the substantively reasonable range be in your mind? I think the range that was specified in the plea agreement that was prepared by the United States Attorney, which is obviously a very long time. It's a 30-year sentence. It doesn't make it. It's not terribly different from what we've got, but it makes more sense, Your Honor. That's all I'm saying. Give this man a couple of years of freedom at the end of his life, because he's in his late 30s right now. And thank you very much. Thank you both, and we'll take the matter under advisement.